72 F.3d 129
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Shirley Ann LEHMAN; Gold Ribbon Limited Partnership,
Plaintiffs-Appellants,
v.
Wayne F. WILKE, Judge of the Probate Division of Common
Pleas for Hamilton County, Defendant-Appellee.
 No. 94-3533.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1995.
 
 Before: MARTIN and JONES, Circuit Judges, and COHN, District Judge.*
 PER CURIAM.
 
 
 1
 Wayne F. Wilke is Judge of the Probate Division of the Common Pleas Court of Hamilton County, Ohio. The appellants, Shirley Lehman and Gold Ribbon Limited Partnership, in which Shirley Lehman owns a 98% interest, claim that Judge Wilke took their property in violation of the Due Process Clause of the Fourteenth Amendment, when
 
 
 2
 on November 26, 1991, he ordered the successor trustee to the "Harry John Lehman, Jr. Family Trust" to convey part of the res of the trust, including nine parcels of real property, to an interim trustee to hold and manage for the benefit of the prevailing party in litigation relating to the trust and when
 
 
 3
 on January 21, 1992, he ordered Gold Ribbon to convey to the interim trustee its title to the nine parcels of real property Shirley Lehman had apparently fraudulently conveyed to the Gold Ribbon after Judge Wilke's November 26, 1991 order.
 
 
 4
 On December 3, 1991, after Judge Wilke's first order, Shirley Lehman, claiming to be the settlor revoked an alleged "subtrust" within the Family Trust containing the nine parcels of real property. The next day, she transferred the real property in the "subtrust" to Gold Ribbon. Judge Wilke found that the ownership of the nine parcels was in dispute, in large part because the "Family Trust" was created after a judgment had issued against Harry Lehman, Jr., Shirley's husband, in the original action assigned to Judge Wilke. (Rothman v. Harry Lehman, Jrs.). Shirley Lehman, in the probate court, had testified she was not sure if she owned the parcels. Judge Wilke believed that her actions violated the Ohio Fraudulent Conveyances statute.
 
 
 5
 In order to resist Judge Wilke's November 26 and January 21 orders attempting to conserve the Family Trust's assets, Shirley Lehman and Harry Lehman, Jr. filed a declaratory judgment action in Hamilton County Common Pleas Court to determine title to the nine parcels. On October 29, 1991, the declaratory judgment action was consolidated with the Rothman case in Judge Wilke's court. However, before the declaratory judgment could be decided, Shirley Lehman and Gold Ribbon sought a writ of prohibition from the Ohio Court of Appeals to nullify Judge Wilke's order to Gold Ribbon to convey the real estate to the interim trustee.
 
 
 6
 The Ohio Court of Appeals issued the writ, reasoning that Judge Wilke lacked in personam jurisdiction over Shirley Lehman and Gold Ribbon in the first proceeding. The court refused to return the declaratory judgment action to the common pleas court, finding consolidation proper before Judge Wilke.
 
 
 7
 Shirley Lehman and Gold Ribbon then filed this action under 42 U.S.C. Sec. 1983 against Judge Wilke, claiming that he deprived them of property without due process. The district court granted summary judgment to Judge Wilke on qualified immunity grounds, determining that a reasonable jurist in Judge Wilke's position would not have known he was violating the appellants' constitutional rights given the "factual morass" regarding title to the real property in the Family Trust. The district court noted that it was reasonable for Judge Wilke to believe that the consolidation of the declaratory judgment action with the original action gave him in personam jurisdiction.
 
 
 8
 We agree and find the district court was correct and AFFIRM, based upon the opinion of the district court.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation